AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| KENNETH SMITH, JR. | ) | Case No. 1:20-mj-282 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 18, 2020  in the county of  Hamilton  in the  Southern  District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1)<br>21 U.S.C. Section 841(b)(1)(A)<br>21 U.S.C. Section 846<br>18 U.S.C. Section 922(g) | Conspiracy to possess with intent to distribute in excess of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and Possession with intent to distribute in excess of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and Possession of a Firearm and Ammunition by a Prohibited Person |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

S/ Michael R. Nimmo
*Complainant's signature*

Michael R. Nimmo, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.
**(via electronic means)**

Date: April 3, 2020

City and state: Cincinnati, Ohio

Karen L. Litkovitz
**United States Magistrate Judge**

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Michael R. Nimmo, being first duly sworn, do hereby depose and say:

1. I am a Special Agent with Homeland Security Investigations (HSI), assigned to HSI Cincinnati with the primary duties of investigating bulk cash smuggling and narcotics smuggling by international drug trafficking organizations. I have been an Agent with Homeland Security since 2003 and a Special Agent since 2009. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and the program now called HSI Special Agent Training Academy. I have received training in identifying various controlled substances and the conducting narcotics and financial investigations. I have investigated numerous cases of money laundering and drug trafficking, including numerous conspiracy cases involving individuals to distributing narcotics. I have spoken or worked with other agents with extensive experience in narcotics investigations.

2. The contents of this affidavit may be from facts known by your affiant or from facts known by other agents or witnesses. This affidavit is intended to establish probable cause and does not represent the entirety of the information known concerning this investigation.

3. On or about March 18, 2020, at approximately 8:00 AM, agents from the Hamilton County Sheriff's Office ("HCSO"), Regional Narcotics Unit ("RENU") and a Homeland Security Investigations ("HSI") Task Force conducted surveillance in the area of 900 Venetian Terrace, Cincinnati, Ohio to observe the activities of Kenneth SMITH, a known drug trafficker and the subject of an ongoing RENU and HSI investigation.

4. At 8:49 AM, agents observed a Nissan car pull in front of 900 Venetian Terrace project. A subject known to agents as David "Day Day" LONG got out and appeared to have a conversation with SMITH in front of the house. When LONG left the house, agents observed a

bulge in LONG's sweatshirt that was not present when LONG originally walked up to the house. LONG got into the Nissan and drove away.

5. After agents observed a traffic violation, an agent in a marked HCSO cruiser stopped the Nissan on Gray Road, Cincinnati, Ohio, which is in the Southern District of Ohio. When the agent arrived at the driver's window, the agent noticed that LONG appeared to be conducting a FaceTime video conferencing conversation on his cellular telephone. The phone was initially between LONG's legs and the agent saw the face of Kenneth SMITH on the screen during the FaceTime call.

6. The first couple of times the deputy commanded LONG get out of the vehicle, LONG did not comply. When LONG did get out of the vehicle, two packages fell from LONG's sweatshirt as LONG raised his hands. The packages were later determined to be approximately 1 kilogram sized amounts of white powder, one of which field tested positive for cocaine. Cocaine is a schedule II controlled substance.

7. A short time later, agents still conducting surveillance at Venetian Terrace observed SMITH and a female subject get into a Cadillac and leave. Agents in unmarked cars attempted to follow the Cadillac but lost surveillance briefly. Within minutes agents located the Cadillac parked at 6013 Waldway Lane, Cincinnati, Ohio, a location within the Southern District of Ohio.

8. When agents approached, they found no one inside the Cadillac and fresh wet footprints on the front porch to the door of 6013 Waldway. As agents approached the front door to knock on it, SMITH came to the door and later yelled for the female subject to come out too, which she did. SMITH asked what was this about. An agent responded that SMITH knew what this was about. SMITH said "why are you arresting her?"

9. A canine conducted a free air sniff of the Cadillac and alerted to the odor of narcotics. Thereafter, agents obtained a search warrant for the Cadillac, 6013 Waldway Lane, 900 Venetian Terrace, and other locations associated with the investigation. Agents conducting the search warrant on the Cadillac found two large bags containing approximately 27 kilogram-sized packages of white powder substance, one of which later fielded tested positive for Cocaine.

10. After receiving Miranda warnings, the female subject stated that in the early morning hours (approx. 5:30am) of March 18, 2020, SMITH woke her up and had her take him, in the Cadillac, from their residence at 700 Venetian Terrace to Fairfield. SMITH met with a semi-truck being driven by an unknown male. SMITH received the two large bags (later found by agents containing the cocaine in the Cadillac) from the semi-truck driver.

11. The female subject stated that "Day Day" LONG came to Venetian Terrace to meet with SMITH. After LONG left Venetian Terrace, SMITH received a phone call from LONG stating he was being pulled over by the police. A short time after, the female subject and SMITH left Venetian Terrace. They noticed suspected unmarked police cars following them. The female subject stated they went to her grandmother's house at 6013 Waldway Lane and went inside until police arrived.

12. After being read his Miranda rights, SMITH refused to sign the Miranda right form but agreed to speak with agents. SMITH admitted that the cocaine found in the Cadillac at 6013 Wildwood Way was his. SMITH stated that he was given 33 kilograms of cocaine that morning from a truck driver. SMITH stated that he had given the 2 kilograms of cocaine to LONG which agents found during a traffic stop.

13. After being read his Miranda rights and signing a waiver, LONG admitted to being in possession of 2 kilograms of cocaine and that he had received the cocaine from SMITH on Venetian Drive just prior to the traffic stop.

14. During a subsequent search of the residence SMITH shared with the female, agents located a loaded Taurus .38 Special firearm right next to the bed on the floor. SMITH has prior convictions for possessing weapons while under disability and trafficking in narcotics to which he served significant sentences. SMITH also has a number of contacts with the criminal justice system for felony assault and domestic violence.

15. Ohio Governor Mike DeWine reported Ohio's first three cases of COVID-19 on March 9, 2020, a number of days before SMITH met with the truck driver to receive the 30 kilograms of cocaine. There was round-the-clock news coverage that a pandemic was spreading throughout the United States and the world. Nevertheless, it appears that SMITH and LONG sought to acquire the numerous kilograms of cocaine to distribute and wreak havoc through their trafficking activities throughout the Southern District of Ohio during this time.

Respectfully submitted,

S/Michael R. Nimmo
_____
Michael R. Nimmo
Special Agent
Department of Homeland Security

Subscribed and sworn to before me on this 3rd day of April 2020.
(via electronic means)

Karen L. Litkovitz
United States Magistrate Judge